IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Lisa Rivera,                           )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      Case No.  1:09cv341(GBL)
                                       )
Prince William County                  )
School Board,                          )
                                       )
            Defendant.                 )

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Prince William

County School Board's ("PWCSB") Motion to Dismiss.  This case

concerns Plaintiff Ms. Lisa Rivera's claims that she was sexually

harassed by a co-worker and that PWCSB retaliated against her for

reporting the harassment by transferring her to a different

school.  There are four (4) issues before the Court.  The first

issue is whether Ms. Rivera's Title VII hostile work environment

claim is time barred where the Complaint alleges harassment

"[f]rom September 2005 to February 2007," but Ms. Rivera filed

her Equal Employment Opportunity Commission ("EEOC") Charge of

Discrimination on December 14, 2007, more than 300 days later.

The second issue is whether a few isolated incidents of sexual

harassment over an seventeen-month period are sufficiently severe

or pervasive to state a claim for hostile work environment.  The

third issue is whether there is a basis for imposing liability on

PWCSB where school board officials took corrective action as soon

as Ms. Rivera complained of harassment.  The fourth issue is

whether Ms. Rivera sufficiently alleges an adverse employment action where Ms. Rivera discussed a transfer to a different school with school officials but later disagreed with the school selected for her transfer.

The Court grants Defendant PWCSB's Motion to Dismiss for four (4) reasons.  First, the Court holds that Plaintiff's discrimination claim must be dismissed because she filed her charge of discrimination more than 300 days after the date of the alleged unlawful conduct.  Second, the Court holds that Plaintiff's complaints about her co-worker's boorish sporadic behavior spanning a seventeen-month period is insufficient to state a claim under Title VII.  Third, the Court holds that the allegations fail to show a basis for imposing liability on PWCSB because it took immediate corrective action by investigating the complaint upon learning of the alleged harassment.  Fourth, the Court holds that the allegations are insufficient to show adverse employment action because Ms. Rivera requested a transfer and the fact that she later disagreed with the school that was chosen does not constitute a significant detrimental effect on employment.  The Court discusses each issue in greater detail below.

## I. BACKGROUND

Plaintiff Ms. Lisa Rivera is an elementary school teacher with Defendant Prince William County School Board. Ms. Rivera brought hostile work environment and retaliation claims against PWCSB under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., alleging that she was subjected to a hostile work environment when she was the object of unwelcome sexual advances from a co-worker and that she faced retaliation when subsequently transferred to another school.

In 2002, PWCSB hired Ms. Rivera as a fifth grade teacher at Potomac View Elementary School. Mr. Robert Gunning was also a fifth grade teacher at Potomac View. Although responsible for different sections of the fifth grade, Ms. Rivera and Mr. Gunning often had to switch classrooms, attend meetings, and otherwise work in close proximity to each other.

According to the Complaint, from September 2005 to February 2007, Mr. Gunning made unwelcome sexual advances on Ms. Rivera in various ways. (Compl. ¶¶ 13-17.) Ms. Rivera alleges that Mr. Gunning made comments about her sexual relationship with her husband. She also claims that Mr. Gunning asked her if she would wear lingerie for him or her husband and offered to buy Ms. Rivera a red teddy as a Christmas gift. Ms. Rivera alleges that Mr. Gunning made sexual comments during conversations with her and frequently used sexual innuendo referring to male genitalia.

3

Ms. Rivera claims that Mr. Gunning sent her at least one email containing sexual comments and/or sexual innuendo.  Ms. Rivera further claims that, on one occasion, Mr. Gunning smacked and grabbed her buttocks against her wishes.

On February 23, 2007, Ms. Rivera reported the harassment to Ms. Melvina Michie, the assistant principal at Potomac View. (Compl. ¶ 20.)  Ms. Michie stated that she would report the incident to the principal, Ms. Susan Porter, and on the same day Ms. Porter and Ms. Michie met with Mr. Gunning to discuss Ms. Rivera's complaints.  On February 27, 2007, Ms. Rivera asked Ms. Porter for documentation from the February 23 meeting with Mr. Gunning, but Ms. Porter stated that she could not provide any information to Ms. Rivera under PWCSB rules and regulations. (Compl. ¶¶ 21-22.)

In March 2007, Ms. Rivera reported her harassment complaint to other PWC Public Schools officials, including a member of the human resources department and the area superintendent for schools.  (Compl. ¶¶ 23-24.)

On March 12, 2007, Ms. Porter confronted Ms. Rivera, angry that Ms. Rivera had contacted the area superintendent without Ms. Porter's knowledge or consent.  (Compl. ¶ 28.)  Days later on March 22, 2007, Ms. Porter verbally reprimanded Ms. Rivera for refusing to personally meet with Mr. Gunning to discuss the allegations.  On March 27, 2007, Ms. Rivera requested leave to

4

meet with the human resources investigator regarding her complaint, and the next day Ms. Porter reprimanded her for not properly requesting leave.  (Compl. ¶ 28.)

On March 29, 2007, Ms. Rivera met with Ms. Porter to discuss transferring to another school.  Ms. Porter notified human resources that Ms. Rivera wished to transfer schools.  (Compl. ¶ 29.)  Ms. Porter also told Human Resources that Ms. Rivera remained uncooperative and unwilling to discuss her allegations with Mr. Gunning.

That same day, Ms. Rivera was notified that she would be transferred to Dumfries Elementary School on April 13, 2007, to a third grade teaching position.  (Compl. ¶ 30.)  Ms. Rivera stated that she did not wish to go to Dumfries and argued that Mr. Gunning should be transferred instead.  On April 13, 2007, PWCSB transferred Ms. Rivera to Dumfries.  (Compl. ¶ 34.)  On May 11, 2007, Ms. Rivera was told that the investigation of her case was closed.  Ms. Rivera never received the results of the investigation.

Ms. Rivera filed an EEOC complaint and received her Right to Sue Notice on December 31, 2008.  Ms. Rivera filed a Complaint in this Court against Mr. Gunning and PWCSB alleging four counts: Count I (Sexual Harassment); Count II (Retaliation); Count III (Intentional Infliction of Emotional Distress); and Count IV (Assault and Battery).  PWCSB now moves for dismissal of all

claims.[1]

## II. STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* FED. R. CIV. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

In order to survive a Rule 12(b)(6) motion to dismiss a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 555 U.S. at 556.

---

[1]Originally, the Complaint alleged claims against both PWCSB and Mr. Gunning. On May 1, 2009, Ms. Rivera filed a Stipulation of Dismissal, dismissing Count III (Intentional Infliction of Emotional Distress) and Count IV (Assault and Battery) of the Complaint, and dismissing Mr. Gunning as a defendant. As a result, Counts I and II are the only remaining counts and PWCSB the only remaining Defendant.

6

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

### III.  ANALYSIS

A. *Hostile Work Environment – Time Bar*

The Court grants PWCSB's Motion to Dismiss Count I of the Complaint as time barred because, based on the allegations contained in the Complaint, Ms. Rivera failed to file her charge of discrimination within 300 days of the conduct complained of. Title VII requires a complainant to file an EEOC administrative

charge within either 180 or 300 days after the alleged unlawful employment practice occurred, depending on the jurisdiction.   42 U.S.C. § 2000e-5(e)(1).   Because Virginia is a "deferral" jurisdiction, a complainant is required to file an EEOC administrative charge within 300 days of the alleged unlawful conduct.   *See Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002).

Here, Ms. Rivera's Complaint states that the harassment occurred "[f]rom September 2005 to February 2007." (Compl. ¶ 13.)   The plain meaning of the word "to" indicates that the harassment took place up until February 2007.   However, Ms. Rivera did not file her formal EEOC charge of discrimination until December 14, 2007, over 300 days after the alleged harassment ended.   As such, Count I is time barred as currently pled.

Ms. Rivera argues that sexual harassment is a continuing violation in the context of a hostile work environment claim, and therefore her claim is timely so long as any act occurred within the 300-day period.   Accepting this argument as true, the Court finds no allegations in the Complaint indicating that any of the acts complained of took place within 300 days of when she filed her EEOC charge.   Ms. Rivera filed her charge on December 14, 2007.   In order for her charge to be timely under the continuing violation doctrine, some act would have needed to have occurred

8

on or after February 16, 2007, because February 16 is 300 days before the December 14 filing date. By the language of the Complaint, however, all of the alleged conduct occurred prior to February 2007 because the period of harassment took place "to" February 2007, or *up until* February 2007. Consequently, the claim is untimely even under the continuing violation doctrine.

Ms. Rivera also argues that Count I is timely because she filed an EEOC Intake Questionnaire on May 25, 2007, well before the date that she filed the formal charge, and that her Intake Questionnaire constitutes a charge under the Code of Federal Regulations and *Edelman*. The Court need not address the issue of whether the Intake Questionnaire constitutes an EEOC charge because facts regarding the filing of the Questionnaire are not before the Court. Ms. Rivera's Opposition Brief mentions that she filed an Intake Questionnaire with the EEOC but, examining the four corners of the Complaint, there is no mention whatsoever of an Intake Questionnaire. Ms. Rivera cannot use her Opposition to PWCSB's Motion to amend her Complaint. *Katz v. Odin*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004); *Davis v. Cole*, 999 F. Supp. 809, 813 (E.D. Va. 1998) (refusing to allow plaintiff to use his opposition brief to refute facts contained in his complaint); *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) ("[plaintiff] is bound by allegations contained in its complaint and cannot, through the use of motion briefs, amend

the complaint.").  Consequently, the Court dismisses Count I

because the hostile work environment claim is untimely as pled.


B.  *Hostile Work Environment – Sufficiency of the Claim*

The Court grants PWCSB's motion to dismiss the hostile work

environment claim because, even if not time barred, the claim is

not sufficiently pled.  In order to plead a prima facie case of

sexual harassment based on a hostile work environment, a

plaintiff must allege that "1) she experienced unwelcome

harassment; 2) the harassment was based on her gender . . .; 3)

the harassment was sufficiently severe or pervasive to alter the

conditions of employment and create an abusive atmosphere; and 4)

there is some basis for imposing liability on the employer."

*Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th

Cir.), *cert. denied*, 540 U.S. 940 (2003).  A plaintiff alleging

hostile work environment must "set forth facts sufficient to

allege each element of [her] claim."  *Id.* (internal citations

omitted).  Here, the third and fourth elements are insufficiently

pled.

1.  Severe or pervasive harassment

The Court holds that the isolated incidents alleged in the

Complaint are insufficient to show that Ms. Rivera faced

harassment so "severe or pervasive" that it altered the

conditions of her employment and created an abusive atmosphere.

10

In determining whether a work environment is hostile, a court evaluates the totality of the circumstances. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22-23 (1993).  In doing so, a court may inquire into "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employees work performance." *Id.* at 23.  In addition to actual sexual advances, a work environment may be hostile if it is rife with comments that "intimidate, ridicule, and maliciously demean the status of women." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 242 (4th Cir. 2000).

Ms. Rivera's allegations are insufficient to show severe or pervasive harassment because the conduct alleged was not frequent enough to constitute severe or pervasive harassment.  To determine whether harassment is severe or pervasive, courts evaluate the frequency of the conduct. *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997).  *See also Lacy v. AMTRAK*, No. 98-1914, 2000 U.S. App. LEXIS 2933, at *10 (4th Cir. Feb. 28, 2000) (citing *Schwapp* and quoting parenthetically that "there must be a steady barrage of opprobrious racial comments."). Isolated or infrequent instances of harassment that occur over a period of many months is not sufficiently severe or pervasive. *See, e.g., Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 768-69 (4th Cir. 1997) (dismissing sexual harassment claim because six

11

verbal incidents over a period of approximately three months was insufficiently severe and pervasive); *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1365-66 (10th Cir. 1997) (finding five sexually-oriented statements over sixteen months insufficient to show hostile work environment, even though one comment by the offender occurred as he put his arm around plaintiff, looked down the plaintiff's dress and said, "well, you got to get it when you can.").

Here, Ms. Rivera identified only four specific instances of alleged harassment within a seventeen-month period.  She alleges that Mr. Gunning:  1) sent an email containing sexual comments (Compl. ¶ 16); 2) asked if Ms. Rivera would wear a red teddy for him or her husband and offered to buy her one as a Christmas gift (Compl. ¶ 14); 3) smacked and grabbed Ms. Rivera's buttocks against her wishes (Compl. ¶ 17); and used sexual innuendo referring to male genitalia in conversations with Ms. Rivera (Compl. ¶ 15).  This type of sporadic, isolated conduct is not the "steady barrage" necessary to be actionable under Title VII. *See Lacy*, 2000 U.S. App. LEXIS 2933, at *10; *Hartsell*, 123 F.3d at 768-69.

Furthermore, the conduct alleged, although offensive to Ms. Rivera, is not of the quality or severity required to state a hostile work environment claim.  Not all sexual harassment is actionable under Title VII.  *See Hartsell*, 123 F.3d at 772-773

12

(explaining that Title VII makes no attempt to "purge the workplace of vulgarity, but instead seeks to remedy conduct that alters the conditions of employment) (internal citations omitted). Although the acts Ms. Rivera complains of may be offensive, but they are not so offensive as to alter her conditions of employment. As such, the Court holds that the conduct alleged is not severe or pervasive enough to state a claim for hostile work environment.

### 2. Imposing liability on PWCSB

Even if Ms. Rivera had sufficiently pled the third element of her hostile work environment claim, the facts pled are insufficient to show that liability should be imposed on PWCSB because PWCSB immediately addressed Ms. Rivera's allegations of harassment as soon as she reported them. An employer cannot be held liable for sexual harassment by the victim's co-workers, unless the employer "knew or should have known about the harassment and failed to take effective action to stop it." *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 319 (4th Cir. 2008) (citation omitted); *Howard v. Winter*, 446 F.3d 559, 565 (4th Cir. 2006).

The Court finds Plaintiff's present case similar to one of its earlier cases, *Saran v. Harvey*, No. 05-727, 2006 WL 1049157 (E.D. Va. Apr. 17, 2006). In *Saran*, the plaintiff, a secretary employed by the U.S. Army, alleged that two co-workers made

13

several comments that plaintiff should be replaced with "a
younger secretary." *Id.* at *2.  Plaintiff admitted that she told
no one about the discriminatory comments, including her
supervisor, while they were being made. *Id.*  Later, when she
informed her supervisor about her co-workers' comments, the
plaintiff's supervisor promised that he would inform his staff
that harassment would not be tolerated and that all personnel
would be fully compliant. *Id.* at *11.  No harassing statements
were made after her supervisor addressed the issue. *Id.*  This
Court granted summary judgment against the plaintiff on her
hostile work environment claim because she failed to establish
that 1) the defendant had prior knowledge of the harassment; or
2) the employer failed to respond once notified.[2]  *Id.*

The facts of this case are similar to those in *Saran*.  Here,
Ms. Rivera alleges that she was harassed from "September 2005 to
February 2007." (Compl. ¶ 13.)  However, Ms. Rivera did not
report the alleged harassment to a school administrator until
February 23, 2007, after the period of harassment had already
ended. (Compl. ¶ 20.)  Like the plaintiff in *Saran*, Ms. Rivera
failed to report the conduct while it was actually occurring.  As
such, nothing in the allegations shows that Defendant knew of the
harassment while it was occurring.

---

[2]In *Saran*, the defendant moved the Court to dismiss the complaint
for failure to exhaust administrative remedies or, alternatively,
for summary judgment.  *Id.* at *1.

14

Furthermore, as in *Saran*, the allegations in the present Complaint show that Defendant took immediate corrective action upon learning of the harassment.  Ms. Rivera reported the harassment on February 23, 2007 (Compl. ¶ 20), and that same day the school's principal and assistant principal met with Mr. Gunning to discuss the allegations.  (Compl. ¶ 21.)  On March 29, 2007, Ms. Rivera met with Ms. Porter to discuss transferring to another school, (Compl. ¶ 29), and that same day Ms. Rivera was notified that she would be transferred to Dumfries Elementary School (Compl. ¶ 30).  Here, as in *Saran*, there are no allegations that the harassment continued after the transfer took place.  As such, accepting Plaintiff's allegations as true, it is clear that Defendant took immediate steps to address Ms. Rivera's concerns.

Ms. Rivera argues that, although not alleged in the Complaint, Defendant knew of the harassment before February 2007 because the assistant principal overheard Ms. Rivera discussing one of the alleged incidents early in the 2005-2006 school year. (Pl.'s Opp'n 8.)  This argument fails because, as mentioned above, Ms. Rivera cannot use her Opposition Brief to amend her Complaint. *Katz*, 332 F. Supp. 2d at 917 n.9; *Davis*, 999 F. Supp. at 813; *Zachair, Ltd.*, 965 F. Supp. at 748 n.4.

Ms. Rivera also argues in conclusory fashion that, even if Defendant did not actually know of the harassment, it should have

15

known because the conduct occurred in a school setting.  Ms.

Rivera cited no legal authority as support for this argument.

The Court finds nothing particular about a school setting to

suggest that an employer should be aware of an employee's alleged

but unreported harassment of a co-worker.  As such, the Court

finds the Complaint fails to show that it would be proper to

impose liability on Defendant.

Consequently, the Court dismisses Count I because it is time

barred and, even if not time barred, it fails to state a claim

for hostile work environment.


C.  *Retaliation - Adverse Employment Action*

The Court dismisses Count II of the Complaint because the

allegations fail to show that Defendant took adverse employment

action against Ms. Rivera.  To state a claim for retaliation

under Title VII, a plaintiff must allege: 1) the employee engaged

in protected activity; 2) the employer took adverse employment

action against the employee; and 3) a causal connection existed

between the protected activity and the adverse action.  *Munday v.*

*Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997).

Adverse employment action must be "materially adverse," that

is, the employer's actions might have "dissuaded a reasonable

worker from making or supporting a charge of discrimination."

*Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68

16

(2006) (citations omitted). Mere reassignment or transfer "to a less appealing job," however, does not constitute an adverse employment action. *Peary v. Goss*, 365 F. Supp. 2d 713, 722 (E.D. Va. 2005). Instead, "reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect." *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999).

"[A]bsent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position." *Id.* at 256-57; *Dawson v. Rumsfeld*, No. 05-1270, 2006 U.S. Dist. LEXIS 17305 (E.D. Va. Feb. 2, 2006) (granting defendant's motion to dismiss because elementary school teacher failed to allege that proposed transfer to another class would have "significant detrimental effect" on her).

Here, the allegations fail to show that Ms. Rivera's transfer constituted an adverse employment action. Ms. Rivera was a fifth grade teacher at Potomac View, (Compl. ¶ 10), and PWCSB transferred her to a third grade teaching position at Dumfries (Compl. ¶ 34). However, according to the Complaint, Ms. Rivera "had a meeting with [Ms.] Porter to discuss transferring Plaintiff to another school." (Compl. ¶ 29.) Ms. Rivera opposed

the transfer to Dumfries, (Compl. ¶ 31), but she was not entitled
to handpick the school that she would be transferred to.   A
transfer to Dumfries as opposed to a school and grade level that
Ms. Rivera preferred does not mean that the transfer had a
significant detrimental effect as contemplated in *Boone*, 178 F.3d
253, because Ms. Rivera does not allege that the transfer
required her to take a reduction in pay or that it otherwise
reduced her future job opportunities.   Consequently, the Court
dismisses Count II of the Complaint because Plaintiff fails to
sufficiently plead an adverse employment action.

### IV.   Conclusion

The Court grants Defendant's Motion to Dismiss.   The Court
dismisses the hostile work environment claim because it is time
barred as pled.   Alternatively, the Court dismisses the hostile
work environment claim because the allegations fail to show
severe or pervasive harassment and because they fail to show a
basis for imposing liability on PWCSB.   The Court dismisses the
retaliation claim because the allegations fail to show that Ms.

Rivera suffered an adverse employment action.   For the foregoing reasons, it is hereby

ORDERED that Defendant PWCSB's Motion to Dismiss is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this *22nd* day of July, 2009.

/s/
_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia

07/ *22* /09

19